UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES ARTHUR ROSS,                                    Case No. 2:19-cv-01116-AA

              Petitioner,                    OPINION AND ORDER

    v.

TROY BOWSER, Supt. of TRCI,

              Respondent.

_____

AIKEN, District Judge.

      Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds of trial court error and ineffective assistance of counsel. Respondent argues that the Petition is barred by the statute of limitations, or alternatively, that petitioner's claims are procedurally barred and lack merit. I agree that petitioner's claims are untimely and deny the Petition on that ground.

## BACKGROUND

      On March 30, 2004, petitioner was charged by indictment with Attempted Aggravated Murder (Count 1), two counts of Kidnapping in the First Degree (Counts 2 and 3), Rape in the

Page 1    - OPINION AND ORDER

First Degree (Count 4), two counts of Sodomy in the First Degree (Counts 5 and 6), two counts of Assault in the Second Degree (Counts 7 and 8), and one count each of Felony Assault in the Fourth Degree, Strangulation, Menacing, and Interference With Making a Report (Counts 9-12). Resp't Ex. 102. The charges arose from petitioner's violent assault and rape of his wife in February 2004.

The case proceeded to jury trial. Near the close of the State's case-in-chief, petitioner decided to plead guilty or no contest to all charges. Resp't Ex. 172 at 4. After conducting a sentencing hearing, the trial court imposed consecutive and concurrent sentences totaling 480 months of imprisonment. Resp't Ex. 199. Specifically, the trial court imposed a sentence of 120 months on Count 1 and ninety-month sentences on Counts 2 and 3, to run concurrently with each other and consecutive to Count 1. The court also imposed consecutive 100-month sentences on Counts 4 and 5, a concurrent 100-month sentence on Count 6, and seventy-month sentences on Counts 7 and 8, to run concurrently with each other and consecutive to all other counts. Finally, the court imposed a concurrent sentence of ninety days on Count 9 and concurrent sentences of one year on Counts 10, 11, and 12. *See* Resp't Ex. 101 at 32-37; Resp't Ex. 199-200.

Petitioner filed a petition for post-conviction relief (PCR) alleging the ineffective assistance of trial counsel, and the PCR court denied relief. Resp't Exs. 112, 190. On appeal, the Oregon Court of Appeals ruled that petitioner's trial counsel was ineffective by failing to argue for merger of Counts 2 and 3, the kidnapping convictions. Resp't Ex. 194. The Court of Appeals reversed and remanded the case to the PCR court "with instructions to enter judgment granting post-conviction relief and resentencing on kidnapping convictions; otherwise affirmed." Resp't Ex. 194 at 6. The Oregon Supreme Court denied review. Resp't Ex. 196.

On remand, the PCR court issued a Supplemental Judgment granting relief and remanding the case "for resentencing as to the kidnapping counts only." Resp't Ex. 198 at 2.

At resentencing, petitioner argued that he should be resentenced on all counts and not only Counts 2 and 3. Resp't Ex. 263. The trial court rejected petitioner's argument and issued an amended judgment merging Count 3 with Count 2 and imposing a consecutive, ninety-month sentence on Count 2. Resp't Exs. 200, 264. In other words, petitioner's aggregate sentence of 480 months remained unchanged after resentencing.

Petitioner directly appealed his resentencing. Resp't Ex. 201. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Resp't Exs. 204-205. The Appellate Judgment issued April 1, 2014. Resp't Ex. 206.

On March 8, 2015, petitioner sought PCR relief in the Oregon courts and alleged the ineffective assistance of trial and appellate counsel based on his resentencing and subsequent appeal. Resp't Ex. 223-24. The post-conviction court denied relief, the Oregon Court of Appeals affirmed on appeal, and the Oregon Supreme Court denied review. Resp't Exs. 231-32, 244, 247, 249. On July 11, 2018, appellate judgment issued. Resp't Ex. 250.

On July 8, 2019, petitioner signed his federal habeas Petition in this action.

<u>DISCUSSION</u>

Petitioner raises eleven grounds for relief in his Petition, all arising from the resentencing proceeding and his subsequent appeal. Respondent argues that the Petition was filed beyond the one-year statute of limitations and is barred from federal review.

Generally, a prisoner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l)(A). A conviction become final and the one-year statute of limitations begins to run when direct review proceedings have concluded. If a petitioner subsequently pursues post-conviction remedies in state court, the federal limitations period is tolled during the time in which a "properly filed" post-

conviction petition is "pending." *Id.* § 2244(d)(2) (providing that the "time during which a properly filed application for State post-conviction or other collateral review…is pending shall not be counted toward any period of limitation under this subsection").

Petitioner's convictions became final and the statute of limitations began to run on May 15, 2014, ninety days after the Oregon Supreme Court denied review of petitioner's direct appeal after resentencing. Resp't Ex. 205 (denying petitioner for review on February 13, 2014); *see also Bowen v. Roe*, 188 F.3d 1157, 1158-59 (1999) (holding that "the period of 'direct review'… includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court"); U.S. Sup. Ct. R. 13 (requiring a petition for certiorari to be filed "within 90 days after entry of the order denying discretionary review").

The statute of limitations ran for 296 days before petitioner signed his state PCR petition on March 8, 2015. Resp't Ex. 223. The limitations period was tolled during the pendency of petitioner's PCR proceeding.

On July 11, 2018, appellate judgment issued in petitioner's PCR proceeding, and the statute of limitations restarted. Resp't Ex. 250. The limitations period ran for another 362 days until petitioner signed his federal Petition on July 8, 2019. Pet. at 10 (ECF No. 1). In total, the statute of limitations ran for 658 days, far beyond the one-year limitations period.

Petitioner nonetheless maintains the Court should deem his Petition as timely because: 1) his PCR counsel told him the federal habeas deadline was July 11, 2019, and he filed his Petition by that date; 2) enforcing the one-year federal limitations period is unfair when a two-year statute of limitations applies to Oregon PCR petitions; and 3) petitioner is "actually innocent" because his convictions and sentence were "imposed without statutory authority and thus, unlawful and constitutionally void." Pet'r Brief at 48 (ECF No. 48).

Petitioner's first and second arguments presumably invoke the doctrine of equitable tolling. Equitable tolling of the statute of limitations is available "only if extraordinary circumstances beyond" a petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). To qualify for equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is "unavailable in most cases," as the "threshold" for its application is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Petitioner argues that his PCR counsel informed him that the federal habeas deadline was July 11, 2019, and petitioner reasonably relied on his advice. Petitioner's PCR counsel did not render such advice. Instead, on two occasions, PCR counsel informed petitioner that the statute of limitations began to run when his conviction became final, and that the limitations period was tolled ("the clock stops") during the pendency of his PCR proceeding. *See* Attachments to Pet'r Brief (ECF No. 48 at 52, 54). Counsel ultimately advised petitioner that the statute of limitations "clock" had "re-started" on July 11, 2018, when appellate judgment issued in his second PCR proceeding. *Id.* (ECF No. 48 at 54).

In no way did PCR counsel indicate that the deadline for petitioner's federal habeas petition was one year from July 11, 2018. To the contrary, PCR counsel specifically stated that the statute of limitations clock had "re-started" on July 11, 2018, implying that it had begun to run before petitioner's PCR proceeding. Further, PCR counsel twice advised petitioner to contact the Federal Public Defender's Office if petitioner had any questions about a federal habeas petition, and

petitioner apparently did not do so. *Id.* (ECF No. 48 at 52, 54). PCR counsel's advice, which was accurate, does not constitute an "extraordinary circumstance" that prevented petitioner from filing a timely petition. To the extent petitioner misunderstood the information provided by PCR counsel, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also id.* (stating that a petitioner's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling").

Next, petitioner argues that the federal one-year statute of limitations is unfair to petitioners who unwittingly take advantage of Oregon's two-year statute of limitations for PCR petitions and then find themselves time-barred from seeking federal habeas review. Petitioner argues that in cases where a petitioner follows "the State rules to properly exhaust his or her State remedies and meets all State requirements to do so," the federal statute of limitations should not begin to run until all direct and collateral review proceedings have concluded in state court. Pet'r Br. at 46.

Petitioner's argument has been rejected by the Ninth Circuit and does not support equitable tolling. *See Fergusson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (rejecting the argument that § 2244(d)(1) creates a "trap" for Oregon habeas petitioners who seek PCR remedies within the state two-year limitations period and are subsequently time-barred from seeking federal habeas review); *see also Drollinger v. Nooth,* 2015 WL 518625, at *3 (D. Or. Feb. 4, 2015) ("The simple fact that Oregon allows a prisoner two years to file a state PCR action, while AEDPA's one-year statute of limitations is only year, does not excuse an untimely federal habeas filing.").

Finally, petitioner argues that actual innocence excuses the untimeliness of his Petition. A colorable claim of actual innocence may serve as a "gateway" to allow the consideration of claims that are otherwise barred. *See Schlup v. Delo*, 513 U.S. 298 (1995); *Lee v. Lampert*, 653 F.3d 929,

932 (9th Cir. 2011) (holding that a "credible claim of actual innocence constitutes an equitable exception to [§ 2244]'s limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits"). "In order to present otherwise time-barred claims to a federal habeas court under *Schlup,* a petitioner must produce sufficient proof of his actual innocence to bring him 'within the narrow class of cases...implicating a fundamental miscarriage of justice.'" *Lee*, 653 F.3d at 937 (quoting *Schlup*, 513 U.S. at 314-15).

Petitioner's claim of "actual innocence" relies on the alleged lack of "statutory authority" underlying his convictions and sentence, an argument that was implicitly, if not expressly, rejected by the Oregon courts. Moreover, a claim of actual innocence must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). Petitioner presents no evidence suggesting that he is factually innocent of the crimes of conviction, and the record flatly contradicts his claim. *See, e.g.,* Resp't Exs. 126 (pre-sentence investigation report), 174 (police reports), 175 (petitioner's PCR deposition testimony); 199 (transcript of plea and sentencing).

Petitioner's claims are untimely and he is not entitled to federal habeas relief.

CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this 8th  day of December, 2021.

_____/s/Ann Aiken_____
Ann Aiken
United States District Judge